UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA,  :
                                                  : **ORDER**

v.  :

                                                  : S2 19 CR 549-2 (VB)

LORENZO MCCOY,  :
                          Defendant.  :
--------------------------------------------------------------x

       On August 19, 2021, the Court sentenced defendant to 6 months' imprisonment, followed by 3 years' supervised release, with, among other things, a special condition of outpatient mental health treatment. This sentence constituted a substantial downward variance from the applicable Guidelines range, which was 51-63 months. Notwithstanding the extremely serious nature of this violent offense, the Court downwardly varied from the applicable range for the following reasons, which were explained in detail on the record at sentencing: The defendant has a lifelong history of mental health issues and also has only borderline intellectual functioning; he was 19 years old at the time of the offense; he was recruited by his co-defendant to do the crime; he has only one prior conviction arising out of a fight with his brother; he has already been in home detention for nearly two years, which constitutes a form of punishment; and he also expressed sincere remorse at sentencing and made a sincere apology to the victim. The Court determined that a short jail sentence was necessary to serve the sentencing objectives of just punishment and promoting respect for the law and to deter defendant from engaging in future criminal conduct.

       Defendant was directed to surrender for the service of his sentence on October 4, 2021, at the institution designated by the Bureau of Prisons. (Doc. #112).

       Thereafter, defendant filed a timely notice of appeal. (Doc. #113). Defendant's mother also wrote to the Court saying that the basis for the appeal was "ineffective counsel." (Doc. #114).

       By letter dated September 10, 2021, defendant's attorney, Bruce D. Koffsky, Esq., advised the Court that defendant wanted him to file a motion for bail pending appeal. However, Mr. Koffsky also stated that because the purported basis for the appeal was ineffective assistance of counsel, it would be inappropriate for him to continue as defendant's attorney. Mr. Koffsky thus sought to be relieved as defendant's attorney. (Doc. #116).

       By text order dated September 10, 2021, the Court reserved decision on Mr. Koffsky's request to be relieved, and deemed defendant to have filed a motion for bail pending appeal. The Court directed the government to respond by September 17, 2021. (Doc. #117).

       By letter dated September 17, 2021, the government opposed defendant's motion for bail pending appeal. (Doc. #118).

1

Under the circumstances, because the Court does not wish to rule on the motion for bail pending appeal without defendant's being represented by an attorney whom he has not accused of providing ineffective assistance of counsel, it is hereby ORDERED:

1. Mr. Koffsky's application to be relieved is GRANTED.

2. Michael K. Burke, Esq., who is the CJA attorney on duty today, is appointed as defendant's attorney.

3. By October 4, 2021, Mr. Burke shall file either a supplementary motion for bail pending appeal if he believes he is ethically permitted to do so, or a letter advising the Court that he will not file any further submission. Because the government has already stated its position with respect to such motion, the Court may or may not require any further submission from the government.

4. Defendant's direct surrender date is adjourned to October 18, 2021, at 2:00 p.m.

Dated: September 20, 2021
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge