UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA,

v.

LORENZO MCCOY,
                     Defendant.
--------------------------------------------------------------x

**ORDER**

S2 19 CR 549-2 (VB)

      Defendant's motion for bail pending appeal is DENIED.

      Without reviewing the entire procedural history of this case, suffice to say that, at the time of sentencing on defendant's guilty plea to carjacking and conspiracy to commit carjacking, which involved the knifepoint beating and robbery of the victim in this case, the Court was acutely aware of the extent of defendant's mental health and cognitive issues.  Indeed, the principal reason why the Court was so aware of these issues was the highly professional and diligent manner in which prior defense counsel, Bruce D. Koffsky, Esq., investigated the relevant facts of his client's mental health history and presented those facts to the Court.  Among other things, Mr. Koffsky obtained a psychological evaluation of his client in 2020.  He later moved for a hearing to determine his client's mental competency, pursuant to 18 U.S.C. § 4241, which motion the Court granted.  Defendant thereafter underwent a thorough forensic psychological examination.  A report of that examination was presented to the Court prior to defendant's guilty plea, and re-presented to the Court at the time of sentencing.  Mr. Koffsky presented voluminous other relevant mitigating information at sentencing, including several other psychological evaluations, including the report of the evaluation he obtained in 2020.  Mr. Koffsky also made a sentencing argument in favor of a noncustodial sentence.  The Court carefully considered all of Mr. Koffsky's submissions and arguments, and ultimately imposed a sentence of 6 months' imprisonment, which represented a substantial downward variance from the applicable

Sentencing Guidelines range of 51-63 months' imprisonment. For these and other reasons, the Court finds that Mr. Koffsky did an extraordinarily capable job on behalf of his client, and that any claim of ineffective assistance of counsel is simply frivolous.

In short, the likelihood of a reversal or remand based on a claim of ineffective assistance of counsel is zero. Put another way, defendant's appeal does not raise a "substantial question of law or fact likely to result in . . . a sentence that does not include a term of imprisonment." 18 U.S.C. § 3143(b)(1)(B)(3).

Defendant shall surrender for the service of his sentence on October 18, 2021, at the institution designated by the Bureau of Prisons.

Dated: October 5, 2021
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge